# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| NATIONAL INTERGOVERNMENTAL PURCHASING ALLIANCE COMPANY and OMNIA PARTNERS, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> DEREK ANDERSON, <br><br> Defendant. | NO. 3:20-cv-00493 <br><br> JUDGE CAMPBELL <br> MAGISTRATE JUDGE HOLMES |

## MEMORANDUM

### I. INTRODUCTION

Pending before the Court are Defendant's Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue or, in the Alternative, to Transfer Venue for the Convenience of Parties and Witnesses (Doc. No. 6); Plaintiff's Response (Doc. No. 19); and Defendant's Reply (Doc. No. 25). For the reasons set forth herein, the Motion (Doc. No. 6) is **GRANTED** in part, and **DENIED,** in part. Accordingly, this action is **TRANSFERRED** to the United States District Court for the Southern District of Texas.[1]

Defendant's Motion to Dismiss for Failure to State a Claim and/or for Judgment on the Pleadings (Doc. No. 8) is left for consideration by the transferee court.

---

[1] Defendant requests the Court designate the Houston Division, but the Court leaves the selection of the appropriate division up to the transferee court.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs National Intergovernmental Purchasing Alliance Company ("NIPAC") and OMNIA Partners, LLC ("OMNIA") initially brought this action in the Chancery Court for Williamson County, Tennessee against Defendant Derek Anderson for breach of contract. (Complaint for Injunctive Relief and Damages (Doc. No. 1-2)). Defendant Anderson, a Texas resident, subsequently removed the case to this Court based on diversity jurisdiction, alleging Defendants are Delaware corporations with headquarters in Franklin, Tennessee. (Notice of Removal (Doc. No. 1)).

Through the Complaint, Plaintiffs allege OMNIA is a cooperative purchasing organization that serves both the public and private sector procurement markets in the United States. (Complaint ¶ 7). On the public sector side, OMNIA, through NIPAC, works with suppliers of over 200,000 public entities. (*Id.*) Plaintiffs allege their business is relationship-centered, and that they have developed confidential, proprietary, and trade-secret information. (*Id.* ¶ 8).

Plaintiffs allege that Defendant Anderson served as Regional Manager for OMNIA until his resignation in March 2020. (*Id.* ¶ 9). Mr. Anderson was responsible for developing and managing customer relationships with public sector agencies "throughout the majority of Texas and Louisiana." (*Id.*) While holding that position, in November 2015, Defendant signed an Agreement with "VHA-UHC Alliance NewCo ('NewCo'), on behalf of itself and its subsidiary companies (collectively, the 'NewCo Family of Companies')." (Agreement (Exhibit 1 to Doc. No. 1-2), at PageID # 16). Plaintiffs allege one of the "subsidiary companies" was NIPAC, and its former parent, Provista, Inc. (Complaint ¶ 10). Plaintiffs allege they are "assignees and/or successors of Provista and its parent companies with respect to the rights and obligations specified in the Agreement." (*Id.* ¶ 27). The Agreement contains non-competition, non-interference, and

2

Case 3:20-cv-00493 Document 30 Filed 10/19/20 Page 2 of 7 PageID #: 208

non-disclosure provisions. (Agreement 1 ¶¶ 3-5). The Agreement also provides it is to be governed by the laws of the State of Texas. (*Id.* ¶ 8.7).

Plaintiffs allege Defendant Anderson is now employed by Equalis Group ("Equalis"), a direct competitor, as Assistant Vice President. (Complaint ¶ 22). Plaintiffs allege Defendant's duties and activities with Equalis cause him to be in breach of the non-competition provision. (*Id.* ¶ 23). Plaintiffs seek damages for the breach, as well as injunctive relief prohibiting Mr. Anderson from competitive activities "within Texas and Louisiana. . ." (*Id.* ¶ 29).

To support his request for transfer, Defendant Anderson has filed a declaration stating that he resides and works in a home office in Bellville, Texas, which is approximately 60 miles from Houston. (Declaration of Derek Anderson ¶ 2 (Doc. No. 1-3)). Mr. Anderson states that, in 2015, his Houston-based employer, TCPN Management Group, was purchased by Provista, Inc., a wholly-owned subsidiary of VHA-UHC Alliance NewCo, Inc., which was based in Irving, Texas. (*Id.* ¶ 3). Mr. Anderson signed a Confidentiality and Non-Competition Agreement with VHA-UHC on behalf of itself and its subsidiary companies on November 3, 2015. (*Id.*)

Mr. Anderson became an employee of NIPAC on October 1, 2016, when Provista sold one of its divisions to a private equity-backed purchaser. (*Id.* ¶ 4). Due to a corporate restructuring resulting in the formation of OMNIA, Mr. Anderson's employment with NIPAC terminated on December 31, 2017, and his employment with OMNIA began on January 1, 2018. (*Id.* ¶¶ 4, 5). Mr. Anderson was employed by OMNIA as a Regional Manager, South Texas, until he resigned in March 2020. (*Id.* ¶ 5). Mr. Anderson states that his duties with OMNIA included soliciting and selling OMNIA products and services to public-entity customers in the South Texas and Louisiana sales region. (*Id.*) Mr. Anderson did not manage any employees. (*Id.*)

3

According to Mr. Anderson, all of his customers are physically located in South Texas or Louisiana, and all of his work activities for NIPAC and OMNIA took place in Texas or Louisiana. (*Id.* ¶ 8). His current employer is located in Texas, and all work for his current employer is performed from his home office in Texas. (*Id.* ¶¶ 8, 15). Mr. Anderson states that all of the customers Plaintiffs seek to preclude him from working with are located in Texas and Louisiana. (*Id.* ¶ 15).

Plaintiffs have filed a declaration stating that between 2016 and 2019, Defendant Anderson traveled to Tennessee to participate in meetings and training, and communicated with OMNIA sales leadership in Franklin, Tennessee. (Declaration of Allan McCombs (Doc. No. 19-1)). Another declaration states that OMNIA's computer servers, to which Defendant Anderson had regular access while employed by OMNIA, are located in Franklin, Tennessee. (Declaration of Sydney "Skip" Jones (Doc. No. 19-2)).

### III. ANALYSIS

Through his Motion, Defendant Anderson argues this case should be dismissed for lack of personal jurisdiction and improper venue. Alternatively, Defendant argues this case should be transferred, pursuant to 28 U.S.C. § 1404(a), to the United States District Court for the Southern District of Texas. The Court will initially consider the issue of transfer rather than dismissal based on lack of personal jurisdiction because transfer "serves the ultimate goal of allowing cases to be decided on their substantive merits, as opposed to being decided on procedural grounds." *Flynn v. Greg Anthony Constr. Co., Inc.,* 95 Fed. Appx. 726, 741 (6th Cir. 2003); *see also Goldlawr, Inc. v. Heiman,* 369 U.S. 463, 466-67, 82 S. Ct. 913, 8 L. Ed. 2d 39 (1962) (transferor court need not have personal jurisdiction over the defendants).

4

Case 3:20-cv-00493   Document 30   Filed 10/19/20   Page 4 of 7 PageID #: 210

Section 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." As the Sixth Circuit has explained, district courts have broad discretion under the statute to determine when party convenience or the interest of justice make transfer appropriate. *Reese v. CNH America LLC*, 574 F.3d 315, 320 (6th Cir. 2009).

In ruling on a motion to transfer venue, a court typically considers factors relating to the convenience of the parties and the public interest. *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas,* 571 U.S. 49, 134 S. Ct. 568, 581, 187 L. Ed. 2d 487 (2013). Factors relating to the convenience of the parties include the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling witnesses, and the cost of obtaining attendance of willing witnesses; the possibility of a view of the premises, if relevant; and "all other practical problems that make trial of a case easy, expeditious and inexpensive." 134 S. Ct. at 581 n. 6. Factors relating to the public interest include the local interest in having localized disputes decided at home; the administrative difficulties resulting from court congestion; and the interest in having a trial of a diversity case in a forum at home with the law that will be applied. *Id; see also Means v. United States Conference of Catholic Bishops*, 836 F.3d 643, 651 (6th Cir. 2016). Courts are also to give some weight to the plaintiff's choice of forum. *Atl. Marine Const. Co.*, 134 S. Ct. at 581 n. 6. The burden of demonstrating transfer is warranted is on the moving party. *Means,* 836 F.3d at 652 n. 7.

As a threshold issue under the statute, the Court considers whether the proposed venue is a district where this action "might have been brought." Here, neither party disputes venue would be proper in the Southern District of Texas.

Defendant argues the Southern District of Texas is more convenient to witnesses and to sources of proof because the Agreement at issue was negotiated and executed in Texas; the alleged breach occurred in Texas and Louisiana; Defendant's new employer is located in Texas; all of the work Plaintiffs seek to enjoin is performed in Texas; and all of the customers Plaintiffs seek to preclude Defendant from working with are located in Texas and Louisiana. In addition, Texas courts will be able to compel the attendance of witnesses located in Texas. As for public interest factors, Defendant points out that Texas courts have an interest in litigating disputes that arise within the state, and Texas courts are more familiar with the governing law set by the choice of law provision in the Agreement.

Plaintiffs argue the Court should give greatest weight to their choice of forum. Plaintiffs also argue that OMNIA's files and servers reside in Tennessee, and that Tennessee courts have an interest in litigating disputes involving Tennessee corporations.

The Court concludes the relevant factors strongly support Defendant's request for transfer. The Agreement was negotiated and executed in Texas, and the alleged breach occurred there. Most, if not all, of the customers and work activity targeted by Plaintiffs' requested injunctive relief are located in Texas. Defendant's new employer is located in Texas. Thus, the convenience of third-party witnesses, the sources of proof, and the availability of compulsory process all weigh in favor of transfer. In addition, the public interest is served by transfer. Texas courts have a substantial interest in the action as it involves an agreement negotiated and allegedly breached in Texas, and Texas courts are more familiar with Texas law, which must be applied in resolving the dispute.

The Court is not persuaded that Plaintiffs' choice of forum outweighs these factors. A plaintiff's choice of forum is afforded less deference where the operative facts underlying the claim

occurred elsewhere. *See, e.g., Sacklow v. Saks Inc.*, 377 F. Supp. 3d 870, 878 (M.D. Tenn. 2019). As discussed above, Mr. Anderson's actions in Texas – his alleged competition with Plaintiffs there – form the operative facts underlying the breach of contract claim. His activities at Plaintiffs' headquarters in Tennessee were limited to periodic meetings with management and training sessions, which have little or no apparent connection to the claim. And Plaintiffs have not shown the location of their computer servers bears much relevance to the actual litigation of this case. As they point out elsewhere in their brief, "given the modern ease of document transferability through electronic means" (Doc. No. 19, at 20), the location of computer servers does not weigh heavily in the Court's transfer analysis.

Having weighed the relevant factors under Section 1404(a), the Court concludes this case should be transferred to the Southern District of Texas.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue or, in the Alternative, to Transfer Venue for the Convenience of Parties and Witnesses (Doc. No. 6) is **GRANTED** in part, and **DENIED,** in part. Accordingly, this action is **TRANSFERRED** to the United States District Court for the Southern District of Texas.

An appropriate Order shall enter.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE